UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

DARREGUS ROBINSON,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, *et al.*,

    Defendants.

No. 6: 21-CV-204-REW

MEMORANDUM OPINION
AND ORDER

\*\*\* \*\*\* \*\*\* \*\*\*

    Plaintiff Darregus Robinson is a federal inmate currently confined at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without an attorney, Robinson filed a civil complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 91 S. Ct. 1999 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680 against the federal Bureau of Prisons ("BOP"), Nurse Privett, J. Cima, SIS Lt. Asher, Disciplinary Hearing Officer ("DHO") Hughes, and Captain Norris. *See* DE 1. By prior order, the Court granted Robinson's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* DE 6. Thus, the Court must conduct a preliminary review of Robinson's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

    Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997) (citing § 1915(e)(2)(B)(i)-(iii)). A complaint must set forth claims in a clear and concise manner and must contain sufficient factual matter, to "state a claim to relief that is

1

plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007). The Court evaluates Robinson's Complaint under a more lenient standard because he is proceeding *pro se*. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Plaintiff's factual allegations as true and legal claims are liberally construed in Plaintiff's favor. *Twombly*, 127 S. Ct. at 1965.

## I. Background

Robinson alleges that on November 28, 2020, he was falsely accused by Nurse Privett of engaging in a sexual act. *See* DE 1 at 2. He claims that, in retaliation for this false accusation, Robinson was physically assaulted by Cima while Cima was escorting him to the lieutenant's office. *Id*. According to Robinson, he was then strapped into a Stryker chair and taken to the Special Housing Unit ("SHU"), where he was removed from the chair and held down while officers dressed him in SHU clothing. He claims that Asher falsely accused him of resisting, and he was placed into ambulatory restraints against BOP Policy. *Id.* He also alleges that Privett conducted "feigned medical checks" on him during this time. *Id*. at 2–3.

Robinson states that, after he was placed in an isolation cell, Asher, Privett, and five other Correctional Officers ("COs") entered the cell and ordered Robinson to lie down on top of a four-point restraint steel bunk. *Id.* at 2-3. Then the COs "proceeded to tighten the handcuffs and belly chain to extremely unbearable degree at the direction of Lt. Asher." *Id*. at 3. Robinson claims that after he stated that he was in excruciating pain, Asher pulled up on the handcuff and the belly chain

2

separately, both of which caused Robinson to cry out in pain. *Id.* He alleges that Privett and another nurses conducted "fake medical checks" and that Privett, Asher and other COs can be seen on camera leaving the isolation room and laughing at Robinson's condition. *Id.*

Based on these allegations, Robinson brings Eighth Amendment claims against Privett for deliberate indifference to Robinson's medical needs and Eighth Amendment claims against Privett, Cima, Asher, Hughes, and Norris for the use of excessive force. *Id.* at 1–2. He also brings tort assault claims against Cima and aiding and abetting assault claims against Privett, Asher, Hughes, and Norris, as well as a negligence claim against the BOP. *Id*. at 1-2.

Robinson's Complaint then turns to the disciplinary proceedings resulting from the events of November 28, 2022. Robinson claims that, prior to his disciplinary hearing, he submitted a written statement to CO Sasko claiming that Privett's allegations were false, claiming that the use of force against him was in retaliation for these allegations, pleading not guilty, requesting a staff representative and witnesses, and submitting questions for his witnesses. *Id*. at 4. However, he states that, at his disciplinary hearing, conducted by DHO Hughes, Hughes falsely claimed that the questions Robinson submitted for his witnesses were cross-examination questions meant for Privett; claimed that Robinson did not submit a statement; and ignored and failed to report the staff misconduct of assault, cruel and unusual punishment, and excessive force. *Id.* at 4-5. Further, Robinson claims that Hughes found Robinson guilty despite camera footage allegedly showing that Privett fabricated the whole event, all in violation of Robinson's due process rights. *Id.* at 5. Robinson maintains that he appealed this decision but that his appeals were rejected as untimely and because they were submitted on the wrong form, all of which he claims is designed to prevent him from getting justice. *Id*. at 5–7. Based on these allegations, he brings Fifth and Sixth Amendment claims against Hughes. *Id*. at 2, 5.

## II. Discussion

A.      **Robinson's Constitutional *Bivens* Claims**

Constitutional claims against individual federal officers may be pursued, if at all, pursuant to *Bivens,* which held that an individual may "recover money damages for any injuries . . . suffered as a result of [federal] agents' violation of" his constitutional rights. *Bivens v. Six Unknown Federal Narcotics Agents*, 91 S. Ct. 1999, 2005 (1971). However, while *Bivens* validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *see also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). In order to recover against a given defendant in a *Bivens* action, the plaintiff "must allege that the defendant[] [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 96 S. Ct. 598 (1976)). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights." *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Thus, to proceed with each of his *Bivens* claims against each defendant, Robinson must: 1) allege the violation of a constitutional right; 2) link his allegations to material facts; and 3) indicate what each individual defendant against whom he asserts a particular claim did to violate his constitutional rights.

Here, Robinson fails to allege anything that Norris did or did not do in violation of his constitutional rights. In fact, Robinson's complaint makes no allegations specific to Norris at all. While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (internal quotation marks omitted) ("[A] court cannot create a claim which [a plaintiff]

4

has not spelled out in his pleading."); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("Liberal construction does not require a court to conjure allegations on a litigant's behalf."). Because Robinson does not allege that Norris was personally involved in any conduct that violated Robinson's constitutional rights, his claims against Norris will be dismissed. *See* Fed. R. Civ. P. 8; *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 127 S.Ct. at 1964–65.

Robinson's Eighth Amendment claims are based on his allegations that Privett denied Robinson medical care by "feigning" medical checks on him while he was restrained, that Cima used excessive force against Robinson by assaulting him, and that Asher used excessive force in restraining him. *See* DE 1 at 1–2. The Court finds that Robinson's allegation that Privett denied him medical care in violation of the Eighth Amendment is sufficient to warrant a response from Privett with respect to this claim. The Court also finds that Robinson's allegations that Cima and Asher were personally involved in the use of excessive force against him are sufficient to warrant a response from Cima and Asher to the Eighth Amendment claims against them.[1] However, Robinson's Eighth Amendment claims against Privett and Hughes based on the allegations of assault and the use of excessive force will be dismissed, as Robinson does not allege that either Privett or Hughes personally used excessive force against Robinson.

Robinson's Fifth and Sixth Amendment claims against Hughes relate to Hughes' role as a DHO in Robinson's disciplinary proceedings. To be sure, the Court recognizes that Robinson's claims against Hughes necessarily challenge the validity of Robinson's disciplinary conviction. Thus, it is highly likely that his claims are not cognizable in light of *Heck v. Humphrey*, 114 S. Ct.

---

[1] The Court has significant doubt about the validity of a Bivens claim centered on an Eighth Amendment excessive force theory, given *Egbert v. Boule*, 142 S. Ct. 1793, 1802-03 (2022). *See Baldwin v. Hutson*, No. 6:19-cv-151, 2022 WL 4715551 (E.D. Ky. Sept. 30, 2022) ("*Egbert* . . . forecloses Baldwin's [excessive force claim under the Eighth Amendment] cause of action.").

2364 (1994), which held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must first establish that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a . . . tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 2372 (footnote omitted).

Although *Heck* addressed complaints filed pursuant to 42 U.S.C. § 1983, the United States Court of Appeals for the Sixth Circuit has extended *Heck* to *Bivens* actions. *See Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003); *Robinson v. Jones*, 142 F.3d 905, 907 (6th Cir. 1998). Moreover, the Supreme Court expanded the holding in *Heck* to a prisoner bringing a § 1983 action seeking monetary damages for the revocation of the plaintiff's good-time credits under a procedure that the plaintiff claimed violated due process. *See Edwards v. Balisok,* 117 S.Ct. 1584 (1997). However, in *Muhammad v. Close*, 124 S. Ct. 1303 (2004), the Supreme Court clarified that "*Heck*'s requirement to resort to state litigation and federal habeas before § 1983 is not [] implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." *Id*. at 1304. *See also Peterson v. Johnson*, 714 F.3d 905, 918 (6th Cir. 2013) (finding that the *Heck*/*Edwards* rule was not relevant where plaintiff did "not seek relief for any effect that [a disciplinary] conviction may have had on good-time credits nor d[id] anything in the record show that good-time credits were implicated").

Here, while it appears highly likely that Robinson's disciplinary conviction impacted the duration of his sentence via the loss of good-time credits, he does not attach any documentation of his disciplinary proceedings, nor does he make any factual allegation regarding the nature of any sanctions imposed because of his disciplinary conviction. Without additional information regarding Robinson's disciplinary proceedings, the Court is unable to assess the extent to which

6

his current claims also challenge the validity of his disciplinary conviction. Because the extent to which *Heck* bears on Robinson's claims is unclear at this point, the Court finds that a response is required from Hughes with respect to Robinson's Fifth and Sixth Amendment claims against him.

**B.      Robinson's Tort Claims**

In addition to his constitutional claims against the individual defendants, Robinson also brings an assault claim against Cima, "aiding and abetting assault" claims against Privett, Asher, Hughes, and Norris, and a negligence claim against the BOP. However, Robinson's tort claims against the individual defendants for actions taken within the scope of their employment at the BOP will be dismissed. Pursuant to the FTCA, such claims may only be brought (if at all) against the United States pursuant to the Federal Tort Claims Act ("FTCA"), which is a limited waiver of the federal government's sovereign immunity, permitting an action against the United States for negligent or intentional acts committed by its employees in the course of their employment. *See* 28 U.S.C. § 1346(b)(1). The remedy against the United States provided by the FTCA is exclusive with respect to claims that fall within its scope, and a plaintiff may not circumvent its provisions merely by pursuing a tort claim under state law directly against the federal employee in his or her individual capacity. *See* 28 U.S.C. § 2679(b)(1) ("Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred."). Accordingly, Robinson may not bring tort claims directly against individual employees of the federal government.

To the extent that Robinson's claims against the BOP may be construed as being against the United States, whether a response is warranted turns on whether Robinson exhausted his administrative remedies prior to bringing this FTCA claim. Before a person may assert a FTCA

claim in federal court, that person must present the claim to the relevant agency—here, the BOP—for possible administrative settlement, and the agency must deny that request. *Holt v. Morgan*, 79 F. App'x 139, 141 (6th Cir. 2003). If the plaintiff brings a FTCA suit in federal court before exhausting his administrative remedies, the FTCA claim must be dismissed. *McNeil v. United States*, 113 S. Ct. 1980, 1984 (1993). Here, Robinson submits a copy of a letter from the BOP denying his administrative tort claim (Claim No. TRT-MXR-2021-03059) seeking monetary compensation based on his allegations that "correctional staff at USP McCreary utilized excessive use of force; subjecting [Robinson] to cruel and unusual punishment" and caused "marks on [his] belly and wrists [as] a result of the tight application of restraints." *See* DE 1-1 at 2-3. Thus, since Robinson exhausted his administrative remedy, the Court finds that a response is warranted with respect to Robinson's tort claims related to the alleged use of force and the application of restraints on November 28, 2020.

However, while Robinson names the BOP as a defendant to his tort claims, the "FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (citing 28 U.S.C. § 2679(a)). Thus, the Clerk of the Court will be directed to substitute the United States of America for the BOP as the proper defendant to Robinson's tort claims.

In summary, after the initial review of Robinson's complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, the Court concludes that a response is warranted with respect to Robinson's Eighth Amendment claim against Privett based on Robinson's allegation that Privett denied him medical care; Robinson's Eighth Amendment claims against Cima and Asher based on Robinson's allegations that they used excessive force against him; Robinson's Fifth and Sixth Amendment claims against Hughes; and Robinson's tort claims against the United States pursuant to the FTCA.

8

However, the remainder of Robinson's claims—specifically, Robinson's Eighth Amendment claims against Privett, Hughes, and Norris based on Robinson's allegations of use of excessive force and his tort claims against the individual defendants—will be dismissed for failure to state a claim upon which relief may be granted.

Because the Court has granted Robinson *pauper* status, the United States Marshals Service ("USMS") will serve the Defendants with a summons and copy of the complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

**B.     Robinson's Discovery Claim**

Finally, Robinson has filed a motion seeking an order directing the health services department at USP-McCreary to produce all of Robinson's medical records to the Court. *See* DE 9. However, this motion seeks discovery, a process that has not yet begun in this lawsuit. Now that Robinson's complaint has been screened by the Court, the next steps in this litigation will be for the remaining Defendants to be served with process and file an answer or other responsive pleading. Once these steps have occurred and any preliminary motions have been resolved, the Court will enter a scheduling order governing discovery and other pretrial matters, if necessary. Fed. R. Civ. P. 16(b). Should this case proceed to the discovery phase, Robinson may pursue discovery under the Rules. However, because Robinson's discovery request is premature at this time, it will be denied without prejudice. *See Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007).

### III. Conclusion

Accordingly, the Court **ORDERS** as follows:

1.      After initial review of Robinson's Complaint, DE 1, the following claims **REMAIN PENDING**:

9

    a.    Robinson's Eighth Amendment claims against Nurse Privett based on his allegations that Privett denied him medical care;

    b.    Robinson's Eighth Amendment claims against Cima and Asher based on his allegations of the use of excessive force;

    c.    Robinson's Fifth and Sixth Amendment claims against Hughes; and

    d.    Robinson's tort claims brought against the United States pursuant to the FTCA;

2. The Court **DISMISSES** the remainder of Robinson's Complaint, DE 1, for failure to state a claim upon which relief may be granted;

3. The Court **DISMISSES** Captain Norris as a defendant;

4. The Clerk of the Court shall **SUBSTITUTE** the United States of America for the Bureau of Prisons as the proper Defendant in Robinson's tort claims brought pursuant to the FTCA;

5. The Deputy Clerk shall **PREPARE** "Service Packets" for service upon Defendants Nurse Privett, J. Cima, Lt. Asher, DHO Hughes, and the United States. These Service Packets shall include:

    a.    a completed summons form;

    b.    the Complaint, DE 1;

    c.    the Order granting Plaintiff *in forma pauperis* status, DE 6;

    d.    this Order; and

    e.    a completed USM Form 285;

6. The Deputy Clerk shall **DELIVER** the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket;

7. The USMS shall **SERVE** the United States of America by sending a Service Packet by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky; and the Office of the Attorney General of the United States in Washington, D.C.;

8. The USMS shall personally **SERVE** Defendants Nurse Privett, J. Cima, Lt. Asher, and DHO Hughes at USP-McCreary in Pine Knot, Kentucky through arrangement with the Federal Bureau of Prisons;

9. The Court **DENIES DE 9,** Robinson's motion seeking an Order directing production of his medical records without prejudice;

10. Robinson must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**; and

11. If Robinson wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Robinson files must include a written certification that he has mailed a copy to the Defendant or Defendant's counsel and state the date of mailing. **The Court will disregard letters sent to chambers or motions lacking a certificate of service.**

This the 30th day of January, 2023.

.

Signed By:
*Robert E. Wier* REW
United States District Judge